IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**HUMAN RIGHTS DEFENSE CENTER**                              **PLAINTIFF**

**V.**                    **CASE NO. 5:17-CV-3070**

**BAXTER COUNTY, ARKANSAS;**
**JOHN MONTGOMERY, Sheriff, in his individual and official capacities;**
**BRAD LEWIS, Jail Administrator, in his individual and official capacities;**
**SGT. ERIC NEAL, in his individual and official capacities;**
**and DOES 1-10, in their individual and official capacities**
                                                             **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are the Motion to Stay filed by Defendants John Montgomery, Brad Lewis, Sergeant Eric Neal, and Baxter County (collectively, "Baxter Defendants") (Doc. 36), the Baxter Defendants' Brief in Support (Doc. 37) and Plaintiff Human Rights Defense Center's ("HRDC") Response to that Motion (Doc. 40). As further explained below, the Motion to Stay is **GRANTED IN PART AND DENIED IN PART**.

HRDC brought this lawsuit to challenge the legality of Baxter County's postcard only policy that prohibits, with certain exceptions for privileged legal mail, any mail from entering or leaving the County's jail that is not written on a postcard. HRDC alleges that this policy violates its First Amendment rights because it prevents it from sending assorted items to prisoners, including its 72-page magazine, *Prison Legal News*. It further alleges that the Baxter County jail's failure to provide adequate notice and an opportunity to challenge what HRDC deems to be censorship of its publications amounts to a denial of HRDC's due process rights under the Fourteenth Amendment. As such, it filed a Complaint (Doc. 1) against the County and three of its officials seeking declaratory and

1

injunctive relief, as well as damages. The Baxter Defendants have filed a Motion to Dismiss (Doc. 18), asserting various defenses including qualified immunity. That Motion is still pending.

The Baxter Defendants now ask the Court to stay any and all proceedings in this case, including Rule 26(f) deadlines, the Case Management Hearing scheduled for November 28, 2017, and any further scheduling, discovery, or trial until these qualified immunity issues have been resolved. *See* Doc. 36, ¶ 1. They also ask that this stay preclude any party from skirting the Court's order by filing Freedom of Information Act ("FOIA") requests. Citing to the Supreme Court's landmark qualified immunity decisions, including the Court's recent statement in *Pearson v. Callahan* that "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," 555 U.S. 223, 232 (2009), the Baxter Defendants argue that a total stay would best serve the interests of justice and judicial efficiency.

The Court is not persuaded that a total stay is warranted, much less appropriate, in this case. As Plaintiff correctly points out, only the individual capacity claims against John Montgomery, Brad Lewis, and Eric Neal are subject to dismissal on the basis of the qualified immunity defense. *See, e.g., Brandon v. Holt*, 469 U.S. 464, 472 (1985); *see also Tubbesing v. Arnold*, 742 F.2d 401, 404 (8th Cir. 1984); *Burnham v. Ianni*, 119 F.3d 668, 673 n.7 (8th Cir. 1997). Regardless of this Court's ultimate decision on whether these three officials are shielded by the defense of qualified immunity on these individual capacity claims, the official capacity claims against them and the claims against the County will remain pending. Plaintiff's First Motion for a Preliminary Injunction (Doc. 26) will also remain pending.

Courts around the country have held that a complete stay of discovery pending resolution of the qualified immunity issues is not warranted. For instance, in *Lugo v. Alvarado,* the First Circuit acknowledged that "the suspension of discovery proceedings on the equitable claims, solely because of an allegation of qualified immunity, only delays the case unnecessarily, because sooner or later the parties will have the right to engage in discovery . . . irrespective of whether there is a surviving damage action." 819 F.2d 5, 8 (1st Cir. 1987). District courts in this Circuit have ruled similarly. *See, e.g., Semrad v. Dooley,* 2009 WL 700203, at *2 (D.S.D. Mar. 17 2009); *Cobb v. Knode,* 2010 WL 1258095, at *3 (D.S.D. Mar. 26, 2010).

Thus, a total stay of discovery is not warranted in this case. Nevertheless, the Court recognizes that because qualified immunity is "an *immunity from suit* rather than a mere defense to liability," *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (emphasis in original), "even such pretrial matters as discovery are to be avoided if possible." *Id.* Therefore, the Court will stay any discovery or other disclosures that are solely relevant to the individual capacity damage claims against John Montgomery, Brad Lewis, and Eric Neal pending the Court's decision on qualified immunity.[1]

The Court will deny the request for a stay of all other deadlines and hearings, including the upcoming case management hearing. This is especially true because, pursuant to the Court's Scheduling Order, any pending motions, including the Baxter

---

[1] The Court notes here that it is not making any decision at this time as to whether this stay should extend beyond its ruling on the pending Motion to Dismiss. If, for instance, the Court ultimately denies qualified immunity on either or both of the individual capacity claims asserted against them and Defendants elect to pursue an interlocutory appeal of that order, the Court would at that point entertain any further motions by the parties to seek a further stay to whatever extent they believe such an extension would be appropriate.

3

Defendants' Motion to Dismiss on qualified immunity grounds, will be taken up at that hearing. *See* Doc. 22, ¶ 8. For similar reasons, the Court will also not impose any restrictions on any party's ability to make requests under either the Federal or Arkansas FOIA laws.

**IT IS THEREFORE ORDERED** that the Motion to Stay filed by Defendants Baxter County, John Montgomery, Brad Lewis, and Eric Neal (Doc. 36) is **GRANTED IN PART AND DENIED IN PART** as described above.

**IT IS SO ORDERED** on this 21st day of November, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE