IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**HUMAN RIGHTS DEFENSE CENTER**                                   **PLAINTIFF**

**V.**                          **CASE NO. 3:17-CV-3070**

**BAXTER COUNTY, ARKANSAS;**
**JOHN MONTGOMERY, Sheriff, in his official capacity;**
**BRAD LEWIS, Jail Administrator, in his official capacity;**
**SGT. ERIC NEAL, in his official capacity;**
**and DOES 1-10, in their official capacities**               **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court is a Renewed Motion to Dismiss (Doc. 50) filed by Defendants Baxter County, John Montgomery, Brad Lewis, and Sergeant Eric Neal. Plaintiff Human Rights Defense Center ("HRDC") has filed a Response in Opposition (Doc. 52). The Court previously issued a Memorandum Opinion and Order (Doc. 49) dismissing the individual capacity claims against the named officials on the basis of qualified immunity. Following that Order, the only claims currently remaining in this case are a claim against Baxter County and the official capacity claims against these county officials. Defendants now file a renewed Motion to Dismiss in the wake of what they refer to as "important developments" in the law on postcard-only policies. As further explained below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

As a preliminary matter, although Defendants style the present Motion as a renewed Motion to Dismiss, it is more properly construed as a Motion for Judgment on the Pleadings under Rule 12(c) since it was filed almost five months after their Answer

1

(Doc. 20). See Fed. R. Civ. P. 12(b), (c). As a practical matter, the distinction between a motion to dismiss brought under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To avoid confusion, however, the Court will continue to refer to the instant Motion as a Motion to Dismiss.

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,'

... it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

Defendants first argue that recent legal developments, primarily the Eighth Circuit's recent decision in *Simpson v. County of Cape Girardeau*,[1] suggest that dismissal of all remaining claims is appropriate at this time. The Court disagrees.

Although the Eighth Circuit upheld a postcard-only policy in *Simpson*, it importantly ended its opinion with the following: "We note, however, that our holding in this case is narrow, as a Turner analysis is a fact-intensive inquiry requiring careful examination of the policies and institutions at issue in each case." 879 F.3d 273, 282 (8th Cir. 2017). Thus, *Simpson* does not, as Defendants seem to suggest, stand for the proposition that a postcard-only policy is, by its very nature, automatically constitutional. A holding to that effect would ignore the significant cautionary language from the Eighth Circuit and water down the *Turner* test which, while deferential, "is not toothless." *Prison Legal News v. Chapman*, 44 F. Supp. 3d 1289, 1298 (M.D. Ga. 2014) (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989)). Thus, to the extent that Defendants' renewed Motion to Dismiss is predicated on an argument that *Simpson* insulated all postcard-only policies from challenge, it is clearly mistaken and will be **DENIED**.

---

[1] Defendants also cite a recent case, *Rasheed v. City of Texarkana*, where this District's Chief Judge adopted a Report and Recommendation from Magistrate Judge Barry A. Bryant. However, that decision focused solely on qualified immunity, looking only to see whether there was clearly established law that such a postcard-only policy was *un*constitutional. Case 4:17-cv-04057, Doc. 44, p. 3. In light of *Simpson*, the answer to that question was very straightforward. But, that decision does not mean that every such postcard-only policy is constitutional, as there could potentially be differences between the policies or institutions at issue that would compel a different conclusion under *Turner*.

Nevertheless, although outright dismissal of the remaining claims in this case is not warranted, the Court will dismiss the remaining official capacity claims against the individually named officers. This is because "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, because the county is, in both cases, the real party in interest, the claims are duplicative. The law is clear that dismissal of duplicative claims is proper. *Id.* ("Thus, the court properly dismissed the claim against Leonard as redundant of the claim against the City."); *Williams v. Robinson*, 623 Fed. App'x. 832, 833 (8th Cir. 2015) ("We also conclude that the official-capacity claims against the JCDC employees were subject to dismissal as duplicative of the claims against Jackson County.").[2]

**IT IS THEREFORE ORDERED** that Defendants' Renewed Motion (Doc. 50) is **GRANTED IN PART AND DENIED IN PART**. The remaining official capacity claims against the individually named officers are dismissed as duplicative of the claim against Baxter County. Because there are no pending claims against these individual officers, they are terminated from the case, leaving Baxter County as the sole remaining Defendant.

**IT IS SO ORDERED** on this 2nd day of May, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] The Court would also note that it has learned that Eric Neal, one of the named Defendants in this case, has passed away. The Court joins Plaintiff in extending condolences to his family and friends.

4