### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF ARKANSAS
### HARRISON DIVISION

HUMAN RIGHTS DEFENSE CENTER,

              Plaintiff,

                v.

BAXTER COUNTY, ARKANSAS,

              Defendant.

Case No. 3:17-cv-03070-TLB

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Stipulated Protective Order ("Protective Order") to protect the production, discovery, and dissemination of confidential information, IT IS HEREBY ORDERED:

1.     This Protective Order shall apply to all documents, materials and/or information, including, without limitation, video and audio recordings, gleaned during Plaintiff's inspection of the Baxter County Jail and Detention Center pursuant to Fed. R. Civ. P. 34(a)(2). The Parties agree that any and all such information that implicates the safety and security of the Jail and/or law enforcement techniques is deemed Confidential. This protective order also applies to (1) any information copied or extracted from Confidential information; (2) all copies, excerpts, summaries, or compilations of Confidential information; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal Confidential information.

2.     Confidential information shall not be disclosed or used for any purpose except the litigation of this case. The protections granted by this Protective Order shall not be waived.

3.     Within 7 days after the completion of the inspection of the Jail, Defendant shall designate, in writing, all evidence and information that is Confidential. Until it receives the written designation, Plaintiff shall treat all evidence and information gleaned during the inspection as Confidential.

4.     Any reproduction of confidential information shall retain the mark "CONFIDENTIAL."

5.     Confidential information shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person or entity, except that such information may be disclosed to:

> a. Attorneys actively working on and who have entered an appearance in this case;
>
> b. Attorneys or staff employed at the office of an attorney described in paragraph 5(a);
>
> c. Employees of the Baxter County Sheriff's Office, with a need to have access to such document in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Baxter County Sheriff's Office employee from having access to any records to which such employee would normally have access in the regular course of his or her employment;
>
> d. The organizational representative of the Human Rights Defense Center;
>
> e. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;
>
> f. Witnesses and/or court reporting personnel during depositions;
>
> g. The Court, and necessary Court staff, pursuant to Paragraphs 11, 12, and 13; and
>
> h. Other persons by written agreement of the parties.

6.     Prior to disclosing any Confidential information to any person listed in paragraphs 5(d), 5(e), 5(f), or 5(h), counsel shall provide such person with a copy of this

Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions.

7.      Whenever a deposition involves the disclosure of Confidential information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate depositions, or portions thereof, as Confidential after transcription, provided written notice is given to all counsel of record within 30 days after the notice by the court reporter of the completion of the transcript.

8.      If additional disclosure is needed of Confidential information, counsel for the party seeking disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within 30 days, either party may file an appropriate motion with the Court.

9.      A party may object to the designation of Confidential information by giving written notice to the counsel for the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the dispute within 14 days after the time the written notice is received, it shall be the obligation of the party designating the Confidential information to file an appropriate motion requesting that the Court determine whether good cause exists for the disputed information to be treated as Confidential and subject to the terms of this Protective Order. Any such motion must be filed within 21 days of when the written notice of objection was received.  The burden of persuasion in any such challenge proceeding shall be on the designating party. If such a motion is timely filed, the disputed information

shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential.

10.     Unless other arrangements are agreed upon, all Confidential information shall be returned to the producing party within 30 days of the conclusion of the case, or shall be destroyed or deleted.  The conclusion of the case shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

11.     Whether the Confidential information is returned or destroyed, the receiving party must submit a written certification to the producing party by the 30 day deadline that (1) identifies (by category, where appropriate) all the Confidential information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential information. Notwithstanding this provision, Plaintiff's counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential information.

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential information pursuant to this Protective Order.

13.     By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.     Any confidential material disclosed in any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

15.     This Protective Order is limited to documents and information produced during the inspection in the above-captioned case. This Protective Order does not apply to any documents or information that is or becomes publicly available or that is obtained by either party outside the course of discovery in the above-captioned case (whether or not such documents and information were also exchanged during the inspection in this case).

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard. The Court shall retain jurisdiction to enforce this Protective Order even after the case has concluded.

IT IS SO ORDERED this 21st day of August, 2018.

                                                 Timothy L. Brooks
                                                 United States District Judge

6