IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**HUMAN RIGHTS DEFENSE CENTER**                                                                **PLAINTIFF**

**VS.**                                          **NO.  3:17-cv-3070-TLB**

**BAXTER COUNTY, ARKANSAS**                                                                **DEFENDANT**

### BRIEF IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON COMPETING MOTIONS FOR SUMMARY JUDGMENT (DOC. # 89)

### I.  INTRODUCTION

The Plaintiff has asserted two claims in this case, a free speech claim under the First Amendment and a Procedural Due Process claim under the Fourteenth Amendment. Doc. # 1. The Court has previously dismissed all Defendants except Baxter County, Arkansas. *See* Doc. ## 49 &53.

On the parties' competing motions for summary judgment, the Court did not rule on the First Amendment claim (reserving the issue for resolution after a trial), but did rule on the Fourteenth Amendment claim. Doc. # 89. Specifically, the Court held that, in light of the facts of this case, the Fourteenth Amendment required Baxter County only to notify the Plaintiff for the reason(s) that its mailings were being rejected, under the County's postcard mail policy or otherwise. *Id.*  On the basis of that standard, the Court found that Baxter County failed to notify the Plaintiff with respect to is August 5, 2016 mailings and granted summary judgment to the Plaintiff with respect to that mailing and found that the County adequately notified the Plaintiff of the reason(s) for its rejection in several other mailings and granted summary judgment to the Defendants with respect to those mailings. *Id.*  For the reasons set out below, the Defendant respectfully requests that the Court reconsider its partial grant of summary judgment to the Plaintiff -- on the Fourteenth Amendment claim with respect to the mailing of August 5, 2016 -- and grant summary judgment to Defendant on that claim instead.

### II. ARGUMENT

**A.** **No Deprivation**

At the outset, and as noted above, the Court has ruled on summary judgment on the Fourteenth Amendment claim(s), however, the Court has not ruled on the First Amendment claim yet.  *See* Doc. # 89.  This is important to the due process claim adjudged in the Plaintiff's favor because a Fourteenth Amendment procedural due process claim is, by its very nature, a conditional claim.  A state actor does not owe a duty -- and certainly cannot breach a duty it does not owe -- to provide procedural due process unless and until it deprives someone of a life, liberty or property interest.  *See* U.S. Const., Am. XIV ("nor shall any state deprive any person of life, liberty, or property without due process of law).  If the Court ultimately finds that the challenged mail policy in this case does not deprive the Plaintiff of its First Amendment rights, the Plaintiff's Fourteenth Amendment claim must necessarily fail, as well.

**B.** **No Violative Policy or Custom**

In addition to the fact that the Plaintiff's procedural due process claim(s) is necessarily conditioned on success on its First Amendment claim, the Plaintiff's Fourteenth Amendment claim also fails for lack of proof of County liability.  As noted above, Baxter County is the only Defendant left in this case[1] and, as an inanimate entity, can only act through policy or custom.   A governmental entity, here Baxter County, may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional county policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998).  The county would be liable for its employees' conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county  policy or custom that (3) directly caused plaintiff's injury.  *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997).  In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law.  *See Jane Doe A v.*

---

[1] Baxter County's position as the only remaining Defendant is not due to any failure to name proper individual Defendants by the Plaintiff; rather, the individual Defendants named by the Plaintiff were dismissed on the basis of qualified immunity in light of the lack of clarity in the law at the time of the events alleged in the Complaint.  Doc. # 49. In short, then, no individual Defendants would have ever properly been parties to this suit.

*Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 526.

The unrebutted testimony, both on summary judgment and at the bench trial, is that the County's policy with respect to notification was to place a stamp on each mail parcel rejected for non-compliance with the postcard policy. This is borne out by the use of that stamp on several other mailing returns. The fact that one or more non-Defendant employees may have violated the County's return notification policy on or around August 5, 2016 simply has no bearing on the issue of County liability. As such, Defendant Baxter County is entitled to summary judgment as a matter of law.

**C.**     **Conceded Notice**

While the Court adjudged one of the Fourteenth Amendment procedural due process claims in the Plaintiff's favor on summary judgment, the proof at the bench trial indicated that, whether or not the Plaintiff received notice of the Defendant's postcard mail policy on particular returned envelopes, it received notice of the policy by virtue of the County's posting of the policy on the Sheriff's website. In fact, the Plaintiff's executive director testified that he and/or a lawyer with HRDC studied Baxter County's website, including the postcard mail policy,[2] prior to sending any mailings. He further testified that HRDC sent mailing only to Baxter and Union Counties and did so specifically because they had postcard mail policies. In the end, the Plaintiff targeted Baxter County based on its postcard mail policy (in fact, sent the challenged mailings for the very purpose of acquiring standing in this suit) and now seeks relief for an alleged violation of its constitutional rights for not being apprised of the postcard mail policy. This form-over-substance argument should be rejected by the Court.

---

[2] Even had the Plaintiff's employees not actually seen the postcard policy announcement, a link to the announcement can be found in one of the Plaintiff's exhibits (Ex. 18, p. 4/5) at the bench trial and constitutes constructive notice to the Plaintiff.

## CONCLUSION

      For the reasons set forth herein, the Defendant respectfully requests that the Court reconsider and reverse its partial grant of summary judgment to the Plaintiff on the Fourteenth Amendment claim with respect to the mailing of August 5, 2016.

      Respectfully submitted,

      BAXTER COUNTY, ARKANSAS,
      *Defendant*

      JASON OWENS LAW FIRM, P.A.
      **Mailing Address:** P.O. Box 850
      Conway, Arkansas 72033-0850
      **Physical Address:** 1023 Main Street, Suite 203
      Conway, Arkansas 72032
      Telephone (501) 764-4334
      Telefax (501) 764-9173
      Email: owens@jowenslawfirm.com

        /s/ Jason Owens
      Jason E. Owens, #2003003
      Kaylen S. Lewis, #2012254